FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 JUN -6  AM 9: 27

CLERK_____
SO. DIST.___ GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JACQUELINE HUMPHREY, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | CV119-0084 |
| AUGUSTA, GA CONSOLIDATED GOVERNMENT, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Jacqueline Humphrey, and hereby files this Complaint and against Defendant, Augusta, GA Consolidated Government, showing the court as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Augusta Division of the Southern

District of Georgia.

3. Plaintiff exhausted all administrative remedies in this matter. Exhibit 1.

## II. PARTIES

4. Plaintiff is a citizen of the United States.

5. Defendant is a local government with headquarters at 535 Telfair Street, Augusta, Georgia, 30901.

6. Defendant City of Augusta may be served by delivering a copy of the Complaint and Summons to 535 Telfair Street, Augusta, Georgia, 30901.

7. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

8. Plaintiff is a Defense Equal Opportunity Institute Graduate, Certified Mediator, and Senior Certified Affirmative Action Practitioner.

9. Plaintiff was employed by Defendant from November 12, 2009, to March 30, 2015.

10. Plaintiff was initially hired as Defendant's Equal Employment Opportunity ("EEO") Director.

11. During her employment with Defendant, Plaintiff received no disciplinary actions.

12. During her employment with Defendant, Plaintiff received no poor performance reviews.

13. In May 2014, Plaintiff investigated a complaint against Defendant's Recreation Director.

14. The Recreation Director advised his staff not to participate in Plaintiff's EEO investigative process.

15. The Recreation Director's instruction was contrary to Defendant's policies and procedures.

16. Plaintiff informed the Mayor and Commission that the Recreation Director advised his staff not to participate in the process.

17. No remedial action was taken by Defendant.

18. Plaintiff forwarded the complaint against the Recreation Director to the EEOC for further processing.

19. A few days later on or about May 20, 2014, Plaintiff's position was changed from EEO Director to EEO Coordinator.

20. Plaintiff's position change affected her retirement vesting status.

21. Plaintiff contacted the Mayor, Commission, and Human Resources, but at no time was given a reason for the change in title.

22. Plaintiff filed an EEOC charge of retaliation based on said change of title on

June 24, 2014.

23. Plaintiff received a Dismissal and Notice of Rights dated July 3, 2014.

24. Plaintiff chose not to pursue the claim further.

25. In early 2015, Plaintiff processed the complaint of Mr. James Henry.

26. Plaintiff found Mr. Henry's complaint to be substantiated and provided her findings to the EEOC.

27. On March 24, 2015, during a Commission meeting, the Mayor informed Plaintiff that Henry refused to settle his case because the EEOC investigator substantiated Henry's claim and that the EEOC investigator substantiated the claim because of Plaintiff's findings.

28. The Commission reprimanded Plaintiff verbally for her findings during the March 24 meeting.

29. The Commission attempted to intimidate Plaintiff into not finding in favor of complainants again during the March 24 meeting.

30. On March 25, 2015, Plaintiff substantiated the complaint of another employee, Lori Howard.

31. Plaintiff provided her findings to the Commission that day.

32. The Commission called a special meeting on March 30, 2015.

33. During that meeting, the Commission voted to terminate Plaintiff's

employment.

34. No reason was given by Defendant for Plaintiff's termination.

35. Defendant failed to follow internal policies and procedures regarding due process for termination of a coordinator-level employee when terminating Plaintiff.

36. Plaintiff's Separation Notice gives "Termination" as the reason for Plaintiff's termination.

37. On April 30, 3015, Plaintiff filed a second charge of retaliation with the EEOC, Charge No. 415-2015-00577.

38. On May 30, 2018, the EEOC found reason to believe that Defendant terminated Plaintiff in retaliation for engaging in a protected activity. Exhibit 2.

39. Plaintiff received her Notice of Right to Sue on March 6, 2019. Exhibit 1.

## IV. CLAIM FOR RELIEF

### Count I: Retaliation Under Title VII

40. Plaintiff reasserts and incorporates Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiff's participation in the EEO process of other employees constitutes protected activities under Title VII. *Para. 13-18, 25-26, 30-31.*

42. Plaintiff's opposition to the discriminatory treatment of Defendant's employees via her findings in multiple claims and related discussions with

Commissioners and the Mayor constitute a protected activities under Title VII. *Para. 13-18, 25-26, 30-31.*

43. Plaintiff's participation in the EEOC process by filing her own claim of retaliation constitutes a protected activity under Title VII. *Para. 22.*

44. Defendant was aware of all the above protected activities.

45. Plaintiff's termination constitutes an adverse action under Title VII.

46. The progression of employment actions following Plaintiff's reports of discrimination shows causation. *Para. 13-33.*

47. Defendant's failure to follow proper internal policies and procedures when terminating Plaintiff shows causation. *Para. 34-36.*

48. Defendant's attempts to bully Plaintiff into not substantiating employee complaints of discrimination regardless of the facts shows causation. *Para. 27-29.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Date: June 4, 2019.

Respectfully submitted,

*Jacqueline Humphrey*

Jacqueline Humphrey

P.O. Box 811
Evans, GA  30809

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Date: June 4, 2019.

_____
Jacqueline Humphrey

P.O. Box 811
Evans, GA 30809



**U.S. Department of Justice**
Civil Rights Division

ESD:KDW:KLF
DJ 170-20-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7016 2140 0000 5581 4905
RETURN RECEIPT REQUESTED

MAR - 6 2019

Ms. Jacqueline A. Humphrey
c/o S. Wesley Woolf, Esquire
Woolf Law Offices
408 East Bay Street
Savannah, GA 31401

Re: Jacqueline A. Humphrey v. City of Augusta (Richmond County), EEOC Charge No. 415-2015-00577

Dear Ms. Humphrey:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the files in this matter to EEOC's Savannah Local Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Omayra Padilla, Director, EEOC, 7391 Hodgson Memorial Drive, Ste. 200, Savannah, GA 31406-2579.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

By: /s/ Karen D. Woodard

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc: Jacqueline A. Humphrey
City of Augusta (Richmond County)
Andrew Mackenzie, General Counsel
EEOC, Savannah Local Office

EXHIBIT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Savannah Local Office**

7391 Hodgson Memorial Drive, Suite 200
Savannah, GA 31406-2579
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Savannah Status Line: 866-408-8075
Savannah Direct Dial: (912) 920-4279
TTY (912) 920-4491
FAX (912) 920-4484
Website: www.eeoc.gov

EEOC Charge No. 415-2015-00577

Jacqueline Humphrey                                  Charging Party
P.O. Box 811
Evans, GA 30809

City of Augusta (Richmond County)                    Respondent
535 Telfair Street
Augusta, GA 30901

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. (Title VII). Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges that she was discriminated against by Respondent in retaliation for engaging in protected activity and by opposing unlawful discriminatory conduct. After opposing the unlawful conduct, she was discharged.

Respondent denies Charging Party's allegations.

The evidence supports a finding that Respondent discharged Charging Party in retaliation for engaging in a protected activity. Respondent's proffered legitimate, non-discriminatory reason for its action does not withstand scrutiny, and is therefore pretext.

Based upon the evidence and the record as a whole, there is reasonable cause to conclude that Charging Party was discharged in retaliation for engaging in a protected activity, in violation of Title VII.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the Parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. A conciliation agreement containing the types of relief necessary to remedy the violation of the statute is included for your review.

When Respondent declines to enter into settlement discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the office Director,

the Director shall so inform the Parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statutes and Commission Regulations apply to information obtained during conciliation.

You are hereby reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commission's investigation is also prohibited. The protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

MAY 3 0 2018
Date

Bernice Williams-Kimbrough
Director
Atlanta District Office

2

EXHIBIT 2

