# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| JACQUELINE HUMPHREY, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| AUGUSTA, GA CONSOLIDATED GOVERNMENT, | 1:19-cv-00084-JRH-BKE |
| Defendant. | |

## AMENDED COMPLAINT

COMES NOW Plaintiff, JACQUELINE HUMPHREY, and hereby files this Amended Complaint against Defendant, Augusta, GA Consolidated Government, showing the court as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Augusta Division of the Southern

District of Georgia.

3. Plaintiff exhausted all administrative remedies in this matter. Exhibit 1.

## II. PARTIES

4. Plaintiff is a citizen of the United States.

5. Defendant is a local government with headquarters at 535 Telfair Street, Augusta, Georgia, 30901.

6. Defendant City of Augusta may be served by delivering a copy of the Complaint and Summons to 535 Telfair Street, Augusta, Georgia, 30901.

7. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

8. Plaintiff is a Defense Equal Opportunity Institute Graduate, Certified Mediator, and Senior Certified Affirmative Action Practitioner.

9. Plaintiff was employed by Defendant from November 12, 2009, to March 30, 2015.

10. Plaintiff was initially hired as Defendant's Equal Employment Opportunity ("EEO") Director.

11. During her employment with Defendant, Plaintiff received no disciplinary actions.

12. During her employment with Defendant, Plaintiff received no poor performance reviews.

13. In May 2014, Plaintiff investigated a complaint against Defendant's Recreation Director.

14. The Recreation Director advised his staff not to participate in Plaintiff's EEO investigative process.

15. The Recreation Director's instruction was contrary to Defendant's policies and procedures.

16. Plaintiff informed the Mayor and Commission that the Recreation Director advised his staff not to participate in the process.

17. No remedial action was taken by Defendant.

18. Plaintiff forwarded the complaint against the Recreation Director to the EEOC for further processing.

19. A few days later, on or about May 20, 2014, Plaintiff's position was changed from EEO Director to EEO Coordinator.

20. Plaintiff's position change affected her retirement vesting status.

21. Plaintiff contacted the Mayor, Commission, and Human Resources, but at no time was given a reason for the change in tile.

22. Plaintiff filed an EEOC charge of retaliation based on said change of title on

June 24, 2014.

23.  Plaintiff received a Dismissal and Notice of Rights dated July 3, 2014.

24.  Plaintiff chose not to pursue the claim further.

25.  In early 2015, Plaintiff processed the complaint of Mr. James Henry.

26.  Plaintiff found Mr. Henry's complaint to be substantiated and provided her findings to the EEOC.

27.  On March 24, 2015, during a Commission meeting, the Mayor informed Plaintiff that Mr. Henry refused to settle his case because the EEOC investigator substantiated Mr. Henry's claim and that the EEOC investigator substantiated the claim because of Plaintiff's findings.

28.  The Commission reprimanded Plaintiff verbally for her findings during the March 24 meeting.

29.  The Commission attempted to intimidate Plaintiff into not finding in favor of complainants again during the March 24 meeting.

30.  On March 25, 2015, Plaintiff substantiated the complaint of another employee, Ms. Lori Howard.

31.  Plaintiff provided her findings to the Commission that day.

32.  The Commission called a special meeting on March 30, 2015.

33.  During that meeting, the Commission voted to terminate Plaintiff's

employment.

34. No reason was given by Defendant for Plaintiff's termination.

35. Defendant failed to follow internal policies and procedures regarding due process for termination of a coordinator-level employee when terminating Plaintiff.

36. Plaintiff's Separation Notice gives "Termination" as the reason for Plaintiff's termination.

37. On April 30, 3015, Plaintiff filed a second charge of retaliation with the EEOC, Charge No. 415-2015-00577.

38. On May 30, 2018, the EEOC found reason to believe that Defendant terminated Plaintiff in retaliation for engaging in a protected activity.  Exhibit 2.

39. Plaintiff received her Notice of Right to Sue on March 18, 2019. Exhibit 1 and Exhibit 3.

## IV.  CLAIM FOR RELIEF

### Count I:  Retaliation Under Title VII

40. Plaintiff reasserts and incorporates Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiff's participation in the EEO process of other employees constitutes protected activities under Title VII. *Para. 13-18, 25-26, 30-31.*

42. Plaintiff's opposition to the discriminatory treatment of Defendant's

employees via her findings in multiple claims and related discussions with Commissioners and the Mayor constitute a protected activities under Title VII. *Para. 13-18, 25-26, 30-31*.

43. Plaintiff's participation in the EEOC process by filing her own claim of retaliation constitutes a protected activity under Title VII. *Para. 22*.

44. Defendant was aware of all the above protected activities.

45. Plaintiff's termination constitutes an adverse action under Title VII.

46. The progression of employment actions following Plaintiff's reports of discrimination shows causation. *Para. 13-33*.

47. Defendant's failure to follow proper internal policies and procedures when terminating Plaintiff shows causation. *Para. 34-36*.

48. Defendant's attempts to bully Plaintiff into not substantiating employee complaints of discrimination regardless of the facts shows causation. *Para. 27-29*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Date: August 13, 2019.

Respectfully submitted,

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com
kgs@kirbysmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 13th day of August, 2019.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                  s/Amanda M. Brookhuis
                                                Amanda M. Brookhuis
                                                Georgia Bar No. 601396
                                                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **CERTIFICATE OF SERVICE**

I hereby certify on this 13th day of August, 2019, I have electronically filed the foregoing AMENDED COMPLAINT using the Court's ECF system, thereby ensuring electronic service upon all counsel of record.

This 13th day of August, 2019.

                Respectfully submitted,

                The Kirby G. Smith Law Firm, LLC

                s/ Amanda M. Brookhuis
                Amanda M. Brookhuis
                Georgia Bar No. 601396