**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JACQUELINE HUMPHREY,<br><br>    Plaintiff,<br><br>v.<br><br>AUGUSTA, GEORGIA,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:19-cv-00084-JRH-BKE |

### PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

1. Plaintiff has not previously engaged in litigation regarding employment. (Deposition of Plaintiff Jaqueline Humphrey "Depo. of Pl." at p. 15).

2. Plaintiff has not been terminated from any position or employment other than the position with Defendant that is the subject of this lawsuit. (Depo. of Pl. at p. 15).

3. Plaintiff is a veteran of the United States military, spending over 20 years in service. (Depo. of Pl. at pp. 17, 29)

4. Plaintiff has received extensive Human Resources training and certifications, and holds college degrees connected or related to human resources, including a degree in Human Resource Management from Park University and a Dual Master's in Human Resource Development and Management from the University of Maryland. (Depo. of Pl. at pp. 21-25).

5. Plaintiff received certification from the Defense Equal Opportunity Management Institute. (Depo. of Pl. at p. 22-23).

6. Plaintiff was hired by Defendant in 2009 as the Equal Employment Opportunity Director

("EEO Director") for Defendant's Equal Opportunity Office, after applying for that position through Defendant's job announcement. (Depo. of Pl. at pp. 25-28, 31).

7. In her role as an EEO Officer, Plaintiff received and reviewed allegations of unfair employment practices and made appropriate recommendations. (Depo. of Pl. at p. 32).

8. Plaintiff conducted confidential investigations and prepared investigative reports and corrective action to the Commission. (Depo. of Pl. at pp. 32-33).

9. Plaintiff reported directly to the Mayor and the entire Augusta Commission. (Depo. of Pl. at p. 73).

10. Plaintiff never received a reprimand during her employment with Defendant. (Depo. of Pl. at p. 162).

11. On or about January 10, 2021, Defendant's Law Department was informed that Plaintiff was in communication with the EEOC regarding a claim of discrimination filed by Evelyn Washington, and that Plaintiff sent the EEOC documentation relating to the Charge. (Depo. of Pl., Exhibit 6).

12. Plaintiff did speak directly with the EEOC after she was directly contacted by the EEOC and told that Defendant otherwise failed to respond to their requests for information. (Depo. of Pl. at p. 49).

13. On May 14, 2014, Plaintiff issued a memo that detailed that she had been opposing unlawful employment practices by Defendant's legal counsel that violates Title VII. (Depo. of Pl., Exhibit 17).

14. On May 15, 2014, Plaintiff noted in a case determination for Defendant employee Mr. Roy Searles that she perceived the actions of HR and Mr. Searles' supervisor to be retaliatory for

purposes of Title VII. (Depo. of Pl., Exhibit 14).

15. Defendant was aware of that finding and report. (Depo. of Pl., Exhibit 15).

16. On March 24, 2015, during a Commission meeting, the Mayor informed Plaintiff that Mr. James Henry, refused to settle his case because the EEOC investigator substantiated his claim, and the EEOC investigator substantiated the claim because of Plaintiff's findings. (Depo. of Pl. pp. 160-161).

17. Mr. Henry's underlying complaint to the EEO office alleged unfair pay practice regarding race and pay discrimination. (Plaintiff's Exhibit A; Depo. of Pl. at Exhibit 26).

18. Plaintiff's finding in the investigation of Mr. Henry's complaints revealed that his allegations of Title VII violations were founded. (Plaintiff's Exhibit A; Depo. of Pl. at Exhibit 26).

19. On or about March 25, 2015, Plaintiff made a finding that another employee's allegation against Defendant based on race and color was substantiated. (Depo. of Pl., Exhibit 35).

20. Plaintiff's finding in the investigation of Ms. Lori Howard's complaints revealed that Ms. Howard's allegations of Title VII violations were founded. (Depo. of Pl., Exhibit 35).

21. That finding against Defendant was sent to all Defendant Commissioners. (Depo. of Pl., Exhibit 35).

22. The Commission called a special meeting on March 30, 2015. (Declaration of Lena J. Bonner "Decl. of Lena J. Bonner," Exhibit 2).

23. The March 30, 2015 meeting between the Mayor and Commissioners led to Plaintiff's termination shortly thereafter. (Decl. of Lena J. Bonner, Exhibit 2).

24. During the termination meeting, the Mayor and Commissioners discussed a "series of emails...over the last week." (Decl. of Lena J. Bonner, Exhibit 2).

25. During the termination meeting, it was discussed that Plaintiff … substantiates her claim in the end and the [employee goes] to the EEOC. This is where the problem comes in." (Decl. of Lena J. Bonner, Exhibit 2).

26. The Commission further stated that "if you're working for the government you want to protect this government." (Decl. of Lena J. Bonner, Exhibit 2).

27. During the termination discussion, the Commissioners mentioned emails concerning Defendant employee, Mr. James Henry. (Decl. of Lena J. Bonner, Exhibit 2 at page 232).

28. The Commission stated that there has been "substantial cost to this body as a result of the work done out of the EEO office … notwithstanding any litigation that has resulted that we've ultimately ended up settling. (Decl. of Lena J. Bonner, Exhibit 2, at page 327).

29. Mr. William Charles Lockett was a Commissioner during Plaintiff's employment. (Deposition of William Lockett "Lockett Depo." at p. 8).

30. Mr. Lockett testified that he was familiar with Plaintiff, who served as Defendant's EEO Director. (Lockett Depo. at pp. 8-9, 13).

31. Mr. Lockett testified that Plaintiff's job performance was excellent . (Lockett Depo. at pp. 14, 37).

32. During her employment, Plaintiff was called into legal sessions and rebuked for taking EEO action against a friend or acquaintance of one of the sitting Commissioners. (Lockett Depo. at p. 27).

33. Mr. Lockett observed that his colleagues felt that Plaintiff was friendlier to the people she was investigating on behalf of than she was to Defendant. (Lockett Depo. at p. 29).

34. Mr. Lockett stated that his colleagues "used to get on Ms. Humphrey because some of [his]

colleagues felt that whenever you as an EEO director or coordinator, whichever one you want to call it, whenever you go out and investigate someone, you're supposed to be investigating on behalf of the government. You're not supposed to be out there trying to find the facts. You're supposed to investigate on behalf of the government." (Lockett Depo. at p. 29).

35. Mr. Lockett testified that there was a conversation in a legal session that Plaintiff had filed with the EEOC. (Lockett Depo. at pp. 31-32).

36. Mr. Lockett did not support Plaintiff's termination. (Lockett Depo. at p. 33).

37. During Plaintiff's employment, she was never counseled, reprimanded or placed on a work performance [plan]. (Lockett Depo. at p. 34).

38. According to Mr. Lockett, Defendant did not follow the proper procedures to terminate Plaintiff, as she should not have been terminated without a prior disciplinary action. (Lockett Depo. at p. 43).

39. Mr. Marion Franklin Williams was a Commissioner during Plaintiff's employment. (Deposition of Marion Williams "Williams Depo." at pp. 7-8).

40. Mr. Williams testified that Plaintiff did an excellent job in her employment with Defendant. (Williams Depo. at p. 13).

41. Mr. Williams testified that Plaintiff was not terminated for not doing her job, and was terminated without cause. (Williams Depo. at p. 14, 16).

42. Mr. Williams testified that no confidential information was breached by Plaintiff. (Williams Depo. at p. 30).

43. Mr. Williams similarly testified that the Commission had no proof of Plaintiff not following Defendant's EEO process. (Williams Depo. at pp. 33-34).

44. When asked in the State of Georgia Department of Labor Separation Notice to provide a reason for Plaintiff's termination and to "state fully and clearly the circumstances of the separation," Defendant stated only "termination." (Plaintiff's Exhibit C).

45. According to the Personnel Policy and Procedure Manual, Section 300.012, Discipline Guidelines and Procedure, any disciplinary action recommending a suspension, demotion, or termination must be in writing and approved by the HR Director prior to the disciplinary action being imposed. (Plaintiff's Exhibit B at p. 57).

46. According to the Personnel Policy and Procedure Manual, Section 300.012, Review and Approval Process, an employee's supervisor "shall" notify the employee that formal disciplinary action such as termination is being considered, provide the facts and description of the alleged infraction, and the consequences under consideration. (Plaintiff's Exhibit B at p. 59).

47. According to the Personnel Policy and Procedure Manual, Section 300.012, Review and Approval Process, after receiving notice of the considered formal disciplinary action, the employee shall be given five (5) working days in which to respond. (Plaintiff's Exhibit B at p. 59).

48. There is no evidence that Plaintiff's termination was considered to be time-sensitive. (See Decl. of Lena J. Bonner, Exhibit 2; Decl. of Hardie Davis, Jr. at ¶ 4; Decl. of William Fennoy at ¶¶ 4-7; Decl. of Wayne Guilfoyle at ¶¶ 4-6; Decl. of Louis C. ("Hap") Harris at ¶ 4; Decl. of Dennis Williams at ¶¶ 4-5).

49. There is no evidence that the alleged reasons for Plaintiff's termination were considered to be infractions of a "serious nature." (See Decl. of Lena J. Bonner, Exhibit 2; Decl. of Hardie

Davis, Jr. at ¶ 4; Decl. of William Fennoy at ¶ ¶ 4-7; Decl. of Wayne Guilfoyle at ¶ ¶ 4-6; Decl. of Louis C. ("Hap") Harris at ¶ 4; Decl. of Dennis Williams at ¶ ¶ 4-5).

50. The Personnel Policy and Procedure Manual process was not followed with respect to Plaintiff's termination. (See Decl. of Lena J. Bonner, Exhibit 2).

51. Plaintiff learned of her termination only after the fact through the media. (Depo. of Pl. at pp. 163-164).

52. On April 30, 2015, Plaintiff filed a second charge of retaliation with the EEOC, Charge Number 415-2015-00577. (Plaintiff's Exhibit E).

53. On May 30, 2018, the EEOC found reason to believe that Defendant terminated Plaintiff in retaliation for engaging in a protected activity, and that Defendant's proffered reason for the termination did not withstand scrutiny. (Plaintiff's Exhibit F).

Respectfully submitted, this 24th day of August 2021.

                                              THE KIRBY G. SMITH LAW FIRM, LLC

                                              s/Amanda M. Brookhuis
                                              Amanda Brookhuis
                                              Georgia Bar No. 601396

4488 N Shallowford Rd.
Suite 105
Dunwoody, GA 30338
Phone: 678-379-7945
Fax: 877-352-6253
amb@kirbygsmith.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that I have this 24th day of August, 2021, served all parties in this matter with the foregoing PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS with the Clerk of Court using the NextGen CM/ECF system and served upon counsel of record by electronic filing.

This 24th day of August 2021.

                                                   THE KIRBY G. SMITH LAW FIRM, LLC

                                                   s/Amanda M. Brookhuis
                                                   Amanda Brookhuis
                                                   Georgia Bar No. 601396

4488 N Shallowford Rd.
Suite 105
Dunwoody, GA 30338
Phone: 678-379-7945
Fax: 877-352-6253
amb@kirbygsmith.com

*Attorney for Plaintiff*